# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |
|---|---|
| **DR. JUAN MUNOZ,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. __3:18cv009__ |
| **APOLLOMD, INC.**, | : |
| Please Serve: R/A CSC of Cobb County, Inc.<br>192 Anderson Street SE,<br>Suite 125<br>Marietta, GA 30060 | : |
| **JAMES RIVER HOSPITALIST GROUP, LLC**, | : |
| Please Serve: R/A Corporation Service Company<br>100 Shockoe Slip<br>2nd Floor<br>Richmond, VA 23219 | : |
| **SPOTSYLVANIA HOSPITALIST GROUP, LLC**, | : |
| Please Serve: R/A CSC of Cobb County, Inc.<br>192 Anderson Street SE,<br>Suite 125<br>Marietta, GA 30060 | : |
| and | : |
| **SPOTSYLVANIA MEDICAL CENTER, INC.**,<br>d/b/a Spotsylvania Regional Medical Center, | : |
| Please Serve: R/A Ct Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060 | : |
|  | : **TRIAL BY JURY DEMANDED** |
| Defendants. | : |

## COMPLAINT
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)

COMES NOW, the Plaintiff, DR. JUAN MUNOZ ("Dr. Munoz" or "Plaintiff"), by and through his undersigned counsel, and moves this Honorable Court for judgment, jointly and severally, against the Defendants, ApolloMD, Inc. ("Apollo"), James River Hospital Group, LLC ("JRHG"), Spotsylvania Hospitalist Group, LLC ("SHG"), and Spotsylvania Medical Center, Inc., d/b/a Spotsylvania Regional Medical Center ("SRMC") (collectively, "Defendants"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1. Plaintiff, Dr. Munoz, is, and at all times relevant hereto has been, a resident of the Commonwealth of Virginia, specifically residing at 11412 MacPherson Court, Fredericksburg, Virginia 22407.

2. Plaintiff is informed and based thereon alleges that Defendant, ApolloMD, is, and all times relevant hereto has been, a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 5665 New Northside Drive, Suite 320, Atlanta, Georgia 30328, and a foreign entity not licensed[1] to transact business in the Commonwealth of Virginia.

3. Plaintiff is informed and based thereon alleges that Defendant, JRHG, is, and all times relevant hereto has been, a limited liability company organized and existing under the Commonwealth of Virginia, with its principal place of business located at 5665 New Northside Drive, Suite 320, Atlanta, Georgia 30328, and a wholly owned subsidiary or alter ego of ApolloMD, Inc.

---

[1] See Va. Code Ann. § 13.1-757 et seq.

4. Plaintiff is informed and based thereon alleges that Defendant, SHG, is, and all times relevant hereto has been, a limited liability company organized and existing under the Commonwealth of Virginia, with its principal place of business located at 5665 New Northside Drive, Suite 320, Atlanta, Georgia 30328, and a wholly owned subsidiary or alter ego of ApolloMD, Inc.

5. Plaintiff is informed and based thereon alleges that Defendant, SRMC, is, and all times relevant hereto has been, a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at One Park Plaza, Nashville, Tennessee 37203.

## Jurisdiction and Venue

6. This action is brought by Plaintiff for damages on account of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").

7. This Court has federal question subject matter jurisdiction over Plaintiff's claim pursuant to 29 U.S.C. § 201, et seq.; 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a).

8. Defendant SRMC is engaged in the operation of a hospital, an institution which is primarily engaged in the care of the sick, the aged, or the mentally ill, pursuant to 29 U.S.C. § 203.

9. Defendants Apollo, SHG, and JRHG, are enterprises with employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person pursuant to 29 U.S.C. § 203.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants transact business in this District; Defendant SRMC maintains a principal place of business in this

District, specifically located at 4600 Spotsylvania Pkwy, Fredericksburg, VA 22408; and a substantial part of the events or omissions giving rise to the claim occurred in this District, specifically at Defendant's SRMC's aforementioned address.

## Statement of Facts

11. Apollo is a staffing company which arranges and manages employment relationships between health care professionals, like physicians, and health care facilities.

12. SRMC is a company which provides medical services to the general public.

13. SRMC employs healthcare professionals at the recommendation of, and assigned to it by, Apollo.

14. Plaintiff is a physician and was formerly employed by Defendants.

15. Plaintiff was hired by Apollo in or around 2014 to work at SRMC, located in Fredericksburg, Virginia.

16. Plaintiff was required to work a total of one-hundred and eighty-two (182) shifts per year, with a minimum of fifteen (15) twelve (12) hour shifts per month at SRMC, per the written agreements entered into between Plaintiff and Apollo, vis-à-vis, JRHG and SHG (collectively, the "Agreements"), which are attached hereto as **Exhibit A** and incorporated herein by this reference.

17. Plaintiff's day-to-day responsibilities and duties primarily involved providing health and hospitalist services as a physician on behalf of SRMC.

18. Under the Agreements, Plaintiff worked under the supervision of both Apollo and SRMC.

19. Plaintiff was required to submit schedule requests one month prior to each scheduling block, subject to the approval of and generated by Defendants.

20. Plaintiff was paid, at the direction of Defendants, based upon how many hours he was scheduled to work per each scheduling block.

21. Plaintiff did not provide any of the medical materials or instruments used in the course of his employment with Defendants. Rather, all materials and instruments used by Plaintiff in the course of his employment with Defendants were provided by SRMC.

22. Despite Plaintiff's skill as a trained physician, he was required to work under the supervision and at the direction of Defendants.

23. Per the Agreements, the employment relationship term was intended to occur in one (1) year increments, which would renew automatically unless either party tendered ninety (90) days' notice. Thus, Plaintiff's employment relationship with Defendants was nearly permanent.

24. Plaintiff was essential to Apollo as he was one of the health care professionals staffed by the company.

25. Plaintiff was also an integral part of SRMC, as he served exclusively as a physician for SRMC for the duration prescribed by the Agreements.

26. Despite the foregoing facts, however, Defendants misclassified Plaintiff as an independent contractor.

27. Plaintiff earned approximately $122,000.00 in 2014, $281,000.00 in 2016, and $176,000.00 in 2016, for a total of approximately $579,000.00, during his employment with Defendants.

28. Because of this misclassification as an independent contractor, Plaintiff did not receive any benefits provided by Defendants which were otherwise provided to properly classified employees, including, but not limited to, insurance benefits, retirement benefits, paid time off, and bonuses.

29. For the entire duration of his employment with Defendants, Plaintiff was forced to cover any tax liability that would otherwise have been withheld and partially covered by Defendants had Plaintiff been properly classified as an employee rather than an independent contractor.

30. On November 7, 2016, Defendants provided Plaintiff with ninety (90) days' written notice of termination, pursuant to the Agreements.

31. Plaintiff's last day of work for Defendants occurred on or about February 5, 2017.

## COUNT I
## Violation of the FLSA, 29 U.S.C. § 201, et seq.
### (Against All Defendants)

32. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

33. Defendant SRMC is a private business that, upon information and belief, is engaged in the operation of a hospital, an institution which is primarily engaged in the care of the sick, the aged, or the mentally ill, and has sales volume greater than $500,000.00 per year. Accordingly, Defendant SRMC is covered by and must comply with the FLSA.

34. Defendant Apollo is a private business that, upon information and belief, is engaged in interstate commerce and has sales volume greater than $500,000.00 per year. Accordingly, Defendant Apollo is covered by and must comply with the FLSA.

35. Defendant JRHG is a private business that, upon information and belief, is engaged in interstate commerce and has sales volume greater than $500,000.00 per year. Accordingly, Defendant JRHG is covered by and must comply with the FLSA.

36. Defendant SHG is a private business that, upon information and belief, is engaged in interstate commerce and has sales volume greater than $500,000.00 per year. Accordingly, Defendant SHG is covered by and must comply with the FLSA.

37.     Defendants were joint employers of Plaintiff pursuant to 29 U.S.C. § 201, et seq. Defendants shared, agreed to allocate responsibility for, or otherwise codetermined, formally or informally, directly or indirectly, the essential terms and conditions of Plaintiff's employment.

38.     Defendants exercised direction and control over Plaintiff's hours worked and scheduled, permanently employed Plaintiff through successive, one (1) year contracts, provided him with all equipment and materials used, and oversaw all work performed by Plaintiff in his role as a physician, an integral part of Defendants' business providing services of health care professionals to the general public.

39.     Upon information and belief, Plaintiff was terminated from his position and the Agreements noticed for termination at the request of SRMC.

40.     Defendants misclassified Plaintiff as an independent contractor, and willfully paid him in accordance with this misclassification.

41.     As a result of Defendants' misclassification of Plaintiff, Plaintiff did not receive any benefits conferred upon employees by Defendants for the entirety of his employment.

42.     Defendants failed to assume any and all tax liability regarding Plaintiff's income as a result of the misclassification of Plaintiff as an independent contractor.

43.     Additionally, the FLSA requires that the Defendants compensate Plaintiff for his attorney fees and costs incurred in bringing this action.

    WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

    A. Enter judgment on Plaintiff's behalf against all Defendants, jointly and severally;

B. Award Plaintiff compensatory damages, including without limitation any amounts in tax liability and benefits which would have been provided by Defendants had Plaintiff been properly classified, against all Defendants, jointly and severally;

C. Award Plaintiff court costs, expenses, attorneys' fees, prejudgment interest and post-judgment interest at the rate of 8% per annum, pursuant to VA Code § 40.1-29(G), against all Defendants, jointly and severally;

D. Award Plaintiff liquidated damages pursuant to Defendants' willful violation of the FLSA, against all Defendants, jointly and severally; and

E. Grant such other relief as this Court may consider just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Date: January 4, 2018                    Respectfully submitted,

JUAN MUNOZ

By: /s/   Andrea Harris
Robert Powers, Esq. (VSB No. 80822)
Andrea Harris, Esq. (VSB No. 90022)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: rpowers@mcplegal.com
           aharris@mcplegal.com
           admin@mcplegal.com
*Counsel for Plaintiff*